IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH A. SMITH,

      Plaintiff,                No. 2:10-cv-2539 KJN

   vs.

UNIVERSITY COLLEGE, et al.,

      Defendants.       <u>ORDER AND</u>

_____/   <u>FINDINGS AND RECOMMENDATIONS</u>

      Plaintiff is proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

      Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

      The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1

1  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
2  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
3  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
4  490 U.S. at 327.
5              A complaint, or portion thereof, should only be dismissed for failure to state a
6  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
7  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
8  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
9  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
10 complaint under this standard, the court must accept as true the allegations of the complaint in
11 question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
12 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
13 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
14             Plaintiff alleges he received inappropriate medical care on November 2, 1992.
15 (Compl. at 2.)  Where the running of the statute of limitations is apparent on the face of the
16 complaint, dismissal for failure to state a claim is proper.  See Cervantes v. City of San Diego, 5
17 F.3d 1273, 1276 (9th Cir. 1993).  California law determines the applicable statute of limitations
18 in this § 1983 action.  See Wilson v. Garcia, 471 U.S. 261 (1985).  Until December 31, 2002, the
19 applicable state limitations period was one year.  See Jones v. Blanas, 393 F.3d 918, 927 (9th
20 Cir. 2004) (citing Cal. Civ. Proc. Code § 340(3) (West Supp.2002); see also Maldonado v.
21 Harris, 370 F.3d 945, 954-55 (9th Cir. 2004).[1]  Effective January 1, 2003, the applicable
22 California statute of limitations was extended to two years.  See Jones, 393 F.3d at 927 (citing
23 Cal. Civ. Proc. Code § 335.1).  California law also tolls for two years the limitations period for

---

[1] Federal law governs when plaintiff's § 1983 claims accrued and when the limitations period begins to run.  Cabrera v. City of Huntington Park, 159 F.3d 374, 379 (9th Cir. 1998). Under federal law, "the claim generally accrues when the plaintiff 'knows or has reason to know of the injury which is the basis of the action.'"  Id. (citations omitted).

inmates "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life." Cal. Civ. Proc. Code § 352.1.[2]

Because the medical treatment was provided in 1992, the one year statute of limitations applies. Jones v. Blanas, 393 F.3d at 927. It appears plaintiff may have been incarcerated for some period or periods since 1992.[3] Liberally construing the dates in plaintiff's favor, plaintiff would be entitled to three years of statutory tolling, which means his federal petition was due November 1, 1995. Plaintiff filed the instant action on September 20, 2010. Plaintiff's complaint was filed almost fifteen years after the statute of limitations period expired. Plaintiff's complaint is therefore untimely on its face and must be dismissed without leave to amend as plaintiff cannot render the filing timely by amendment.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis is granted; and

2. The Clerk of the Court is directed to assign a district judge to this case.

IT IS HEREBY RECOMMENDED that plaintiff's complaint be dismissed as barred by the applicable statute of limitations. See 28 U.S.C. § 1915A(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that

////

---

[2] "The California courts have read out of the statute the qualification that the period of incarceration must be 'for a term less than for life' in order for a prisoner to qualify for tolling." Jones, 393 F.3d at 927 n.5 (citations omitted).

[3] See Smith v. CMF SP Mental Evaluation Division, 2:10-cv-2541 CMK. A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986).

1  failure to file objections within the specified time may waive the right to appeal the District

2  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3  DATED:  September 29, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

smit2539.56